UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROLANDO RAMIRO-
MONTEAGUDO,

       Petitioner,

    v.                            Case No.:  2:26-cv-00873-SPC-NPM

MATTHEW MORDANT *et al*,

       Respondents,

                           /

## OPINION AND ORDER

Before the Court are petitioner Rolando Ramiro-Monteagudo's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 6), and Ramiro-Monteagudo's reply (Doc. 7).  For the below reasons, the Court denies the petition.

Ramiro-Monteagudo is a native of Cuba who was paroled into the United States as a four-year-old on December 24, 1970.  He has an extensive criminal history consisting of mostly drug charges.  On September 10, 2012, an immigration judge ordered him removed to Cuba.  Cuba refused to repatriate Ramiro-Monteagudo, so Immigration and Customs Enforcement ("ICE") released him under an order of supervision.  Ramiro-Monteagudo initially complied with the order but stopped reporting to ICE as required in 2016.

On August 13, 2025, ICE arrested Ramiro-Monteagudo for possession of amphetamine.  ICE brought Ramiro-Monteagudo to the Texas-Mexico border

on March 8, 2026, but he refused to comply with removal. ICE plans to make another attempt at removal to Mexico soon. Ramiro-Monteagudo argues his detention violates the Fifth Amendment, *Zadvydas v. Davis*, 533 U.S. 678 (2001), and the Immigration and Nationality Act.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. at 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The respondents acknowledge the six-month period for presumptively reasonable detention has expired, so *Zadvydas*'s burden-shifting framework applies. Ramiro-Monteagudo attempted to meet his initial burden by showing a good reason to believe the government cannot remove him to Cuba. He succeeds, but he does not address the possibility of removal to Mexico. In response, the government has presented evidence that (1) ICE scheduled Ramiro-Monteagudo for removal to Mexico and brought him to a facility near the Texas-Mexico border, (2) Ramiro-Monteagudo thwarted removal by refusing to cooperate, and (3) ICE intends to attempt removal to Mexico again soon. Ramiro-Monteagudo provides no reason to believe ICE will not be able to execute the removal order in the reasonably foreseeable future if he cooperates.

Accordingly, it is hereby

**ORDERED:**

Rolando Ramiro-Monteagudo's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on April 7, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record